IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MULTIBANK 2009-1 RES-ADC VENTURE, LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

PINECREST AT NESKOWIN, LLC; MICHAEL D. FREEMAN; MELANIE S. FREEMAN; and UNIT OWNERS ASSOCIATION OF PINECREST,

Defendants.

PINECREST AT NESKOWIN, LLC; MICHAEL D. FREEMAN; MELANIE S. FREEMAN; and UNIT OWNERS ASSOCIATION OF PINECREST,

Counterclaimants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for SILVER FALLS BANK,

Counterclaim Defendant/ Third-Party Defendant.

3:11-CV-853-BR

SUPPLEMENTAL OPINION AND ORDER

**DANIEL STEINBERG**
Green & Markley P.C.
1515 Fifth Ave., Suite 600
Portland, OR 97201
(503) 295-2668

**MICHAEL A. GEHRET**
Snell & Wilmer, L.L.P.
15 West South Temple, Ste. 1200
Salt Lake City, UT 84101
(801) 257-1900

Attorneys for Plaintiff Multibank 2009-1 Res-ADC Venture, LLC

**KEVIN J. JACOBY**
**PAUL R. J. CONNOLLY**
Law Office of Paul R. J. Connolly
P.O. Box 3095
Salem, OR 97302
(503) 585-2054

Attorneys for Defendants/Counter-claimants Pinecrest at Neskowin, LLC; Michael D. Freeman; Melanie S. Freeman; and Unit Owners Association of Pinecrest

**JOEL P. LEONARD**
**JOHN D. OSTRANDER**
**WILLIAM A. DREW**
Elliott Ostrander & Preston, P.C.
Union Bank of California Tower
707 S.W. Washington Street, Ste. 1500
Portland, OR 97205
(503) 224-7112

Attorneys for Counterclaim Defendant/ Third-Party Defendant Federal Deposit Insurance Corporation

**BROWN, Judge.**

On April 10, 2013, the Court issued and Opinion and Order (#122) in which, *inter alia*, it **GRANTED** the Motion (#84) for

Partial Summary Judgment filed by Counterclaim Defendant Federal Deposit Insurance Company (FDIC); **GRANTED** Plaintiff Multibank 2009-1 RES-ADC VENTURE, LLC's Motion (#89) for Summary Judgment; and **DENIED** the Motion (#92) for Partial Summary Judgment filed by Defendants/Counterclaimants Pinecrest at Neskowin, LLC, Michael D. Freeman, Melanie S. Freeman, and Unit Owners Association.

It has been brought to the Court's attention that the Opinion and Order did not explicitly resolve the following issues also raised by Multibank in its Motion for Summary Judgment: (1) whether Multibank is the real party-in-interest to Defendants' loan obligations of Defendants at issue in this case and (2) whether all issues raised in the underlying claims for foreclosure and breach of guaranties asserted by Multibank have been resolved in favor of Multibank and against Defendants since the Court found in favor of FDIC on its Motion for Partial Summary Judgment and in favor of Multibank on its Motion for Summary Judgment.

**1. Multibank is the Real Party-in-Interest.**

In its original Opinion and Order, the Court concluded FDIC had the authority to assign to Multibank any right that FDIC had to collect amounts owing on Defendants' loan made originally by Silver Falls Bank before that bank failed. Based on this ruling, it necessarily follows that Multibank, as the assignee of FDIC,

is the real party-in-interest in collecting any amounts due and owing on Defendant's loan.

Accordingly, the Court **GRANTS** Plaintiff Multibank's Motion for Summary Judgment and holds that Multibank is the real party-in-interest as to Defendants' loan obligations at issue in this case.

**2. <u>Multibank's Claims for Foreclosure and Breach of Guarantees</u>.**

The Court found in favor of Multibank and FDIC and against Defendants on those Motions addressed in the Opinion and Order (#122). In particular, the Court's summary judgment rulings, in combination, addressed and disposed of each of Defendant's Affirmative Defenses that, if proved, might have precluded enforcement by Multibank of the loan documents Defendants entered into with Silver Falls Bank.

The Court, however, is unable to tell from the current record whether there are any disputed issues of material fact as to Defendants' default and the underlying claims for foreclosure and breach of guarantees because it appeared Defendants denied the central allegations as to those issues. Thus, the Court is uncertain whether it may presently determine Plaintiffs' right to a judgment on the record as it stands. Until the state of the factual record is clarified for the Court, the ultimate question of judgment in Plaintiff's favor remains pending.

The Court directs counsel to confer and, as part of the

submission due April 22, 2013 (#23), counsel should include a concise statement as to their respective views of the factual record as to Plaintiff's claims for judgment. The Court will then address this matter further with counsel at the Rule 16 Conference (to be set).

**CONCLUSION**

The Court, therefore, **GRANTS** Plaintiff Multibank's Motion for Summary Judgment as herein specified.

IT IS SO ORDERED.

DATED this 16 day of April, 2013.

ANNA J. BROWN
United States District Judge